MOORE, Chief Justice
(concurring specially).
I concur with' this Court’s denial of Lee Carroll Brooker’s petition for a writ of certiorari. Brooker, who is 76 years old, was sentenced, as a habitual felony offender, to life imprisonment without the possibility of parole for a nonviolent, drug-related crime. The Court of Criminal Appeals affirmed' his conviction and his sentence in an unpublished memorandum. Brooker v. State (No. CR-14-0126, July 2, 2015), - So.3d - (Ala.Crim.App.2015) (table). I write separately because I believe Brook-er’s sentence is excessive and unjustified. In imposing the sentence, the judge stated: “[I]f the Court could sentence you to a term that is less than life without parole, I would. However, the law is very specific as to the sentence in this case. There is no discretion by the Court.’’ Under circumstances like those of Brooker’s arrest and conviction, a trial court should have the discretion to impose a less severe sentence than life imprisonment without the possibility of parole.
The Court of Criminal Appeals’ unpublished memorandum presents the following facts:
“The evidence at trial established that, on July 20, 2011, Brooker was in possession of at least 2.2 pounds of marijuana plants. Investigator Ronald Hall of the Dothan Police Department testified that, on July 20, 2011, he obtained written consent from Darren Brooker, Brooker’s son, to search Darren’s home in connection with an investigation into stolen property.: Investigator Hall testified that Brooker was present when he arrived at the residence. Investigator Hall testified that he showed Brooker the consent-to-search form signed by Darren and that Brooker allowed him to enter the residence. Investigator Hall testified that he began; his search in an upstairs bedroom and that he observed a ‘growing light and pots in the bedroom on the left, that appeared to be a grow operation that was set up indoors.’ ...
"' ....
“... Investigator Hall confirmed that he did not obtain Brooker’s written consent to search the residence. During Investigator Hall’s testimony) the State offered, and the trial court admitted, the consent-to-search. form signed by Darren Brooker and 17 photographs of the evidence discovered inside the residence. Brooker did not object to the admission of that evidence.
“Investigator [Jackie] Smith [of the Houston County Sheriffs Department] testified that, after Investigator Hall contacted him, he responded to Darren’s residence and observed what he believed to be an indoor marijuana-growing operation. Investigator Smith confirmed that, based on his observations, he de.-cided to search for additional plants outside the house. Investigator Smith testified that Brooker confirmed to him that there were marijuana plants outside. Investigator Smith testified that ‘there were few plants, infant plants, real young plants, that were in pots just outside the back door that was separate from the garden where the bigger plants were.’ Investigator Smith testified that Brooker ‘directed [him] down a path behind the house’ where 37 larger marijuana plants were located approximately 100 yards away. During Investigator *3 Smith’s testimony, the State offered, and the trial court admitted, 20 photos of the evidence discovered on Darien’s property. Brooker did not object to the admission of that evidence,
[[Image here]]
.. During Investigator [Joshua] Robertson’s testimony, the State offered, and the trial court admitted, the marijuana plants, lights, light bulbs, timers, scale, and sunlight supply power burners collected from Darren’s property as well as the certified deed showing Darren as the owner of the property. Brooker did not object to the admission of that evidence....
“Michael Muraski of the Alabama Department of Forensic Sciences testified that he determined-that the plants collected from Darren’s residence were marijuana plants weighing, at a minimum, 2.8 pounds. During Muraski’s testimony the State offered, and the trial court admitted, the certificate of analysis prepared as a result of the evidence collected from Darren’s residence. Brooker did not object to the admission of that evidence.
“After the State rested, the trial court held a hearing outside of the jury’s presence on thé motion to suppress that Brooker had filed prior to trial. Brook-er testified that, on July 20, 2011, he was present at the home he shared with Darren when law enforcement knocked on the front door. Brooker testified:
“ ‘... I opened the door. And there were two officers there. And they' told me that they come to search the house for bicycles that was stolen. And I asked them did they have a search warrant.
“‘And they said, ho, they didn’t have a search warrant.., But they had a consent form signed by. my son.
“ ‘Q. Did they show that to you?
. “ ‘A. I don’t recall them showing it to me.
“ ‘Q. What did you say?
‘“A. But I told' them, I said, “Look, I live here, toó; and I’m not consenting to a search.... ”
"' .....
“Brooker’s defense counsel then argued that, pursuant to Georgia v. Randolph, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), a ‘physically present defendant would be a person that .,. has the right to object over, say, a roommate’s consent’; counsel argued, therefore, that because Brooker lived in Darren’s house, law enforcement were required to obtain Brooker’s consent to search the residence, regardless of the fact that Darren had given his consent. The State responded that, because Brooker’s testimony contradicted Investigator Hall’s testimony, the' Court had to determine which witness was credible; if, the State argued, Investigator Hall had testified truthfully, then Brooker had given his consent and the search was not unreasonable. The trial court denied Brooker’s motion to suppress. '
“Ultimately, the jury returned a guilty verdict against Brookér. At Brooker’s sentencing hearing, the State offered certified records from the State of Florida showing that Brooker was previously convicted for one count of attempted robbery with a firearm and three counts of robbery with a firearm.... The trial court determined that, under Alabama law, Brooker’s robbery convictions would be treated as Class A felonies...-.” .< i- •
The trial court then sentenced Brooker, under the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975; to life imprisonment without the possibility of parole, not *4 ing that it had no discretion to sentence Brooker otherwise.
In my view, Brooker’s sentence of life imprisonment without the possibility of parole for a nonviolent, drug-related crime reveals grave flaws in our statutory sentencing scheme. I urge the legislature to revisit that statutory sentencing scheme to determine whether it serves an appropriate purpose.